IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITE, | No. C05-03767 MJJ |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS** |
| v. | |
| COBLENTZ PATCH DUFFY AND BASS LLP LONG TERM DISABILITY INSURANCE PLAN ET AL, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is Plaintiff Patricia White's ("Plaintiff" or "White") Motion for Attorney's Fees and Costs. (Docket No. 68.) Defendants Prudential Insurance Company ("Prudential") and The Coblentz, Patch, Duffy and Bass, LLP Long Term Disability Insurance Plan ("Coblentz") (collectively, "Defendants") oppose the Motion. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees and Costs.

**FACTUAL AND PROCEDURAL BACKGROUND**

In this action, Plaintiff sought to recover long term disability benefits under a group employee welfare benefit plan ("the Plan") issued by Defendant Prudential for the benefit of the employees of Defendant Coblentz. Plaintiff is a former employee of Coblentz. Plaintiff's benefit claims are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

On March 15, 2007, the Court held a bench trial on Plaintiff's claim to long term disability benefits under the Plan. The Court issued its Findings of Fact and Conclusions of Law on May 18, 2007 ("Findings"). (*See* Docket No. 63.) The Court found that Plaintiff demonstrated that she was disabled under the terms of the Plan as to her "own occupation" of legal secretary and was entitled to long term disability benefits from May 1, 2004 through the Initial Duration of a period of Total Disability as described by the Plan. The Court declined to rule on Plaintiff's request for a specific award of past benefits, pre-judgment interest, and attorneys' fees and costs. Instead, the Court ordered the parties to meet and confer within two weeks and submit to the Court a stipulated agreement on the amount of payments owed. If the parties failed to reach an agreement on the amount of payment due, the Court granted the parties leave to file briefs, of no more than three pages each, on the issues.

The parties submitted a stipulation regarding past benefits and prejudgment interest and the Court issued an order approving the stipulation. (Docket No. 71.) The parties did not stipulate to the attorney's fees and costs and thus each submitted briefs on this issue. Plaintiff now seeks an award of attorney's fees and costs.

**LEGAL STANDARD**

A court has the power to award attorneys fees in ERISA actions to either party. 29 U.S.C. § 1132(g)(1). In determining whether attorneys' fees are appropriate a court considers the following factors: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) (citing *Eaves v. Penn*, 587 F.2d 453, 465 (10th Cir. 1978)).

Given the remedial nature of ERISA, the Ninth Circuit has held that it "should be liberally construed in favor of protecting participants in employee benefits plans." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984). In addition, an award of attorney's fees under 29

U.S.C. § 1132(g)(1) should be interpreted broadly so that "a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* (quotations omitted). Furthermore, "[a]s a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* (quotations omitted)

**ANALYSIS**

As a preliminary matter, Defendants assert that the Court was already faced with, and decided, the question of whether Plaintiff was entitled to Attorney's Fees. In Defendants' Motion for Summary Judgment, Defendants argued that the Court should grant them attorney's fees and Plaintiff did not substantively respond to this request. (*See* Cross Motions for Summary Judgment Order at 12.) The Court found that none of the factors weighed in favor of awarding attorneys' fees to either party. The Court's findings, at the summary judgment stage, do not prohibit the Court from awarding attorney's fees to Plaintiff at this point. First, at the summary judgment stage the Court was only faced with Defendants' request for attorney's fees and not Plaintiff's request. In addition, the procedural posture of the current request for attorney's fees is significantly different than the request at the summary judgment stage. An award of attorney's fees may be appropriate now when it was not appropriate at summary judgment.

The Court next turns to the merits of Plaintiff's request and takes each of the *Hummell* factors in turn. First, the findings of facts and conclusions of law do not support the conclusion that Defendants had a high degree of culpability or bad faith. The Court found that Defendants could not "adequately support [the] contention that the medical documentation in the record supported a finding that Plaintiff could return to her own occupation." (Findings at 12.) However, Defendants' error seemed to be their reliance on their own, uncorroborated and somewhat contradictory, medical experts to come to their conclusions, not bad faith. In addition, given the disputed and contradictory medical evidence, the matter presented a close question. This case, therefore, does not evince a high degree of culpability or bad faith on the part of Defendants and this factor does not weigh in favor of an award of attorney's fees.

3

Second, Plaintiff asserts that Defendants have ample assets and are able to pay the award. Defendants do not contradict this fact. This factor, therefore, weighs in favor awarding attorney's fees. Third, an award to Plaintiff may deter others from acting under similar circumstances. Defendants argue that they are entitled to rely upon the opinions of independent medical reviewers in assessing a claimant's alleged disability and an award of fees will not necessarily deter them from that practice. The Court, however, agrees with Plaintiff that an award of attorney's fees could deter other plan administrators from relying on independent medical evaluations to deny a claim without addressing the material physical limitations experienced by the plaintiff. (*See* Findings ¶¶ 67-61.) The Court finds, therefore, that this factor weighs in favor of awarding attorney's fees.

Fourth, Plaintiff's action sought to recover her own past disability benefits and the action does not appear to directly benefit other plan participants or resolve a significant legal question regarding ERISA. Thus, this factor does not weigh in favor of Plaintiff. Finally, the relative merits of the parties' positions were weighted in Plaintiff's favor. Although Defendants withstood a motion for summary judgment and the Court resolved the factual questions at a bench trial, the Court found in Plaintiff's favor. *See Smith*, 746 F.2d at 590 ("The fifth *Hummell* factor, the relative merits of the parties' positions, is, in the final analysis, the result obtained by the plaintiff."). Thus, this factor weighs in favor of Plaintiff.

In sum, the Court finds that Defendants are able to pay the award, the award will likely deter others from similar conduct, and the relative merits of the action are weighted in Plaintiff's favor. On the other hand, the Court finds that there was no bad faith and the action does not appear to benefit other plan participants or resolve significant legal questions regarding ERISA. In weighing these factors, the Court is cognizant of the Ninth Circuit's holding that, while the lack of bad faith is not determinative under *Hummel*, a defendant's ability to pay, absent special circumstances, may alone justify an award of attorney's fees. *See Smith*, 746 F.2d at 590. In the instant case the Court does not perceive any special circumstances that would render such an award unjust. *See id.* The Court therefore finds that, given Defendants' ability to pay an award of attorney's fees, and the lack of special circumstances that would render such an award unjust, Plaintiff is entitled to attorney's fees under 29 U.S.C. § 1132(g)(1).

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's request for Attorney's Fees and Costs. The parties shall meet and confer regarding the appropriate amounts of attorney's fees and costs and shall submit to the Court a stipulated agreement within 30 days from the entry of this Order. If, however, the parties are unable to reach agreement by that time, the parties shall each file a letter brief, of no more than 5 pages, stating their positions.

**IT IS SO ORDERED.**

Dated: February 4, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE